IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:23-cr-00104-DCN |
| | ) | |
| | ) | |
| v. | ) | Objections to the Presentence Report |
| | ) | |
| JIMMY FRANKLING KING, JR. | ) | |

The Defendant Jimmy Franklin King, Jr., had originally objected to the number of guns for which an enhancement was applied in his presentence report. An addendum to the report clarified which "guns" were being counted and used in support of this enhancement. Mr. King specifically objected to a toy gun being counted and asked ATF to provide pictures of what qualifies as a gun and whether those items function as firearms.

 1. In response, ATF agreed that the .22 Caliber pistol is a toy gun and should not count as a firearm.

 2. ATF also agrees that the silencer, which is counted as a firearm, does not have a hole from which ammunition can be expelled. ATF reports that one could drill a hole to make it function as a silencer, and therefore counted it as a firearm.

 3. ATF also dismantled one of the guns that had a conversion device. There is no picture of what the gun looked like with the device in place. The device made that gun fit the definition of a machine gun. ATF removed the device, installed it into an ATF rifle, and tested it.



Orange conversion device as installed by ATF in their gun.

ATF called the stand alone conversion device a machine gun, thus creating two "firearms" from one original firearm.



Conversion device that was removed from the Defendant's gun.

The definition of a firearm is found in the Gun Control Act of 1968, specifically 18 U.S.C. § 921. "The term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the

frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3).

It is clear that the stand alone conversion device removed from the Defendant's gun does not satisfy this definition. It should not, through manipulation and removal from its original location, be counted separately as a firearm.

Under the 1968 Gun Control Act, Congress granted the Attorney General the power to prescribe rules and regulations necessary to carry out the Act's provisions. The Attorney General delegated this authority to ATF. *VanDerStok v. Garland*, 86 F.4th 179, 183 (5th Cir. 2023), *cert. granted,* 144 S. Ct. 1390 (2024). With the advent of commercial at-home kits to make guns, and privately made guns, also known as ghost guns, many guns did not qualify as a firearm in the definition of § 921(a)(3) as written. *Id.* at 184-185.

In 2022, ATF drafted a regulatory definition that broadened the definition of § 921(a)(3), to include parts and other components. That regulatory definition was to take effect on August 24, 2022. Plaintiffs in *VanDerStok* asked the district court for an injunction to enjoin the Government from enforcing and implementing this rule. The injunction was granted. The district court found, among other things, that ATF exceeded its authority and that Congress did not give ATF the authority to regulate firearm **parts**. *Id.* at 186. The Court of Appeals affirmed that ATF lacked congressional authorization to promulgate the new definition. *Id.* at 188. The injunction against enforcement of this new definition remained in effect through October 16, 2023. *Garland v. Blackhawk Mfg. Grp., Inc.*, __U.S.__, 2023 WL 6531047 (2023).

On April 22, 2024, the Government's petition for certiorari, appealing the Fifth Circuit's decision, was granted by the Supreme Court. *Garland v. VanDerStok,* 144 S.Ct. 1390 (2024), case number 23-852.

Mr. King's indictment charged him with possession of the firearms at issue in this objection on November 3, 2022. At that time, the new definition was not in effect. Furthermore, the appropriate definition has not yet been ruled on by the Supreme Court. Oral argument before the Supreme Court took place on October 8, 2024. The Court has not yet determined whether ATF exceeded its authority in broadening the definition of "firearm."

For these reasons, the Defendant agrees that he was in possession of between 3-7 firearms for purposes of a sentencing enhancement, but not that he possessed more than 7 firearms.

        Respectfully submitted,
        */s/Ann Briks Walsh*
        Ann Briks Walsh
        Assistant Federal Public Defender
        145 King Street, Suite 325
        Charleston, SC 29401
        (843) 727- 4148

February 28, 2025